CHARLES HAMILTON *v.* STATE OF INDIANA.

[No. 2-1073A226. Filed March 26, 1975.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

WHITE, J.—Appellant was tried by the court sitting without a jury and was found guilty, as charged, of first degree burglary. Sentenced to an indeterminate term of not less than ten nor more than twenty years, he now appeals, alleging that there is not proof of the specific intent to commit theft because first, the totality of the circumstances do not permit an inference of that intent, and second, appellant was too intoxicated to form the requisite specific intent.

We affirm.

The evidence shows that appellant's estranged wife (or former wife) telephoned the Indianapolis police headquarters from her mother's house. A police officer responding to that call went to the mother's house where he talked to the wife. (Neither the purpose of the call nor the subject matter of the conversation is in evidence.) He then went to a two-family dwelling, a "double", in which the wife resided. Arriving at the building he noticed that a glass pane in the front door of the other half of the building, the half not occupied by the wife, was broken. He checked around the unlighted house, then returned to the front door and listened. Upon hearing a noise inside he went in and found appellant in a bedroom going through the dresser drawers. When asked what he was doing there appellant replied that he was looking for his wife. On the dining room floor there was a suitcase containing silverware that was ordinarily kept on the chiffonier, and there was a television set on the front porch. The resi-

dence gave the general appearance of having been ransacked. A floor sweeper, a fan, a fan stand, and a table radio, all the property of the resident, were subsequently found next door in the residence of appellant's estranged wife. At the time of the occurrence the tenant of the ransacked residence was visiting her daughter in Illinois and had been for several days prior thereto.

Appellant argues that criminal intent is not shown since he did not act like a burglar. Burglary, he argues, is a crime of stealth and furtiveness and the average burglar neither burglarizes his next door neighbor nor advertises his presence by leaving televisions on front porches and making noises inside the house. His actions, he contends, are more consistent with a man who was truly seeking his estranged wife's residence and entered the wrong side of the double by mistake.

Passing over the novel idea that ineptness in the commission of a crime is a defense we will instead note that the evidence is that property (sweeper, fan, fan stand, table radio) had been removed from the burglarized residence to appellant's wife's residence. This circumstance effectively refutes any contention of confusion of residences.

Appellant's second argument is that due to his intoxication at the time he was without the capacity to form the specific intent necessary to the commission of the crime of burglary. His evidence on this subject is in his own testimony that he had been drinking and that he didn't remember what happened, and the testimony of his parole officer, based on parole office records, that appellant had a drinking problem and that appellant was admitted to the hospital on the night he was arrested and remained there seven days.

To counter that evidence is the testimony of the arresting officer that appellant's speech was clear rather than slurred and that appellant was not drunk even though it was obvious that he had been drinking. Further, as the trial court correctly noted, the evidence does not show the reason appellant was hospitalized, merely that he was hospitalized.

While it is true that a defendant may be intoxicated to the extent that he lacks the mental competence to form the specific intent which is an essential element of first degree burglary, it is also true that the question of whether a defendant was intoxicated to that extent is one of fact to be answered by the decision of judge or jury charged with the duty of determining the facts. *New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696, 699; *Emler* v. *State* (1972), 259 Ind. 241, 286 N.E.2d 408, 412. The evidence herein is sufficient to support the trial judge's implied finding that appellant was capable of forming the requisite specific intent.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.